# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **GARY O. KESTER** | ) | |
| **5810 CHARLES AVENUE** | ) | **JUDGE:** |
| **PARMA, OHIO 44129,** | ) | |
| | ) | **CASE NO.:** |
| **AND** | ) | |
| | ) | **COMPLAINT WITH** |
| **MICHAEL   SIMMONS** | ) | **JURY DEMAND AND CLASS** |
| **35517 GLEN DRIVE** | ) | **ACTION ALLEGATIONS** |
| **EASTLAKE, OHIO 44095,** | ) | |
| | ) | |
| **PLAINTIFFS** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | |
| | ) | |
| **ZWICKER & ASSOCIATES, PC** | ) | |
| **C/O ITS AGENT FOR SERVICE** | ) | |
| **OF PROCESS** | ) | |
| **CT CORPORATION** | ) | |
| **1300 EAST 9TH STREET** | ) | |
| **CLEVELAND, OHIO 44114,** | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |
| **ANNE SMITH, ESQ,** | ) | |
| **525 VINE STREET SUITE 800** | ) | |
| **CINCINNATI, OHIO 45202,** | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |
| **DEREK SCRANTON, ESQ.** | ) | |
| **2300 LITTON LANE** | ) | |
| **HEBRON KENTUCKY 41048,** | ) | |
| | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

1

**INTRODUCTION**

1. GARY O. KESTER AND MICHAEL SIMMONS, ("the named Plaintiffs", collectively, "Kester" and "Simmons", individually) bring this Complaint, on behalf of themselves and those similarly situated, seeking Civil Damages, Declaratory Relief, and Permanent Injunctive Relief for Deceptive, Unfair, and Unconscionable Debt Collection Practices under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.§§ 1692 *et seq*.,  and the Ohio Consumer Sales Practices Act (OCSPA), Ohio Rev. Code§§ 1345.01 *et seq*.

2. Named Plaintiffs allege that Defendants attempted to collect attorney fees in a collection suit in Ohio, where attorney fees are not recoverable by law in connection with any claim involving consumer debt, and therefore violated both the FDCPA and the OCSPA.

**JURISDICTION**

3.  The jurisdiction of this Court is invoked pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and Rule 23, Federal Rules of Civil Procedure.  Jurisdiction over the Ohio claims is based upon 28 U.S.C. § 1367.  Venue is proper because the conduct complained of took place in this district, Defendants do business in this district, and named Plaintiffs are all residents of this district.

**PARTIES**

4. Named Plaintiffs are and were at all times mentioned herein "consumers" as defined in the FDCPA and in the OCSPA.  Any debt they are or were obligated to pay was a consumer debt as defined by those statutes.

5. Defendant Zwicker & Associates, P.C.. ("Zwicker") is a Massachusetts professional corporation, registered with the State of Ohio, that lists as its profession, "Law Firm - Debt Collection". Zwicker has offices, *inter alia,* at 2300 Litton Lane Suite 200 Hebron Kentucky 41048. Defendants Ann Smith ("Smith") and Derek Scranton ("Scranton") are attorneys, licensed to practice in the state of Ohio, who specialize in collecting past due accounts on behalf of various creditors and were employed by Zwicker as lawyers in the subject lawsuits. *A*ll Defendants, jointly and severally, are debt collectors as so defined by the Fair Debt Collection Practices Act and "suppliers" as defined in the OCSPA. They engage in the collection of past due accounts on behalf of various creditors.

### STATEMENT OF FACTS

6. Defendants filed a complaint against named Plaintiff, Simmons, in the Willoughby Municipal Court, captioned *Discover Bank vs. Michael Simmons* on May 23, 2011 and it was assigned case number 11CVF01069 (A copy is attached hereto and marked as Exhibit A.)

7. Defendants filed a complaint against named Plaintiff Kester in the Parma Municipal Court, captioned *Discover Bank vs.Gary O. Kester* on July 7, 2011 and it was assigned case number 11 CVF 2736. (A copy is attached hereto and marked as Exhibit B.)

8. The above referenced complaints alleged that a debt was owed by that named Plaintiff to Defendants' client (Discover Bank). Said debt is a Consumer debt as defined under the FDCPA and the OCSPA.

9. Each of the above referenced complaints concluded, as is customary, with a "wherefor*e* clause" seeking the sum of money allegedly due, plus pre-judgment interest, post-judgment interest, plus court costs and plus attorney fees.

10. Defendants made these allegations in the subject complaints despite the fact that Ohio law prohibits creditors from recovering attorney fees in connection with the collection of a consumer debt.

11. By seeking attorneys fees from each of the named Plaintiffs, Defendants made false, deceptive, misleading, and threatening, allegations in each of the above referenced complaints  for which  named Plaintiffs and the class they represent are entitled to damages.

12.  Making demands for attorney fees in each of these complaints was prohibited under the FDPCA and the OCSPA.

## FIRST CLAIM FOR RELIEF (FDCPA)

13. The conduct described above violated the FDCPA as follows:

> a.   It falsely represented the character, amount or legal status of named Plaintiffs' debt in violation of 15 U.S.C. § 1692e(2)(A);
>
> b.   It falsely represented the services rendered or compensation which may be lawfully received in connection with the collection of the debt in violation of 15 U.S.C. § 1692e(2)(B);
>
> c.   It threatened to take action against named Plaintiffs that cannot be legally taken in violation of 15 U.S.C. § 1692e(5);
>
> d.   It attempted to collect an amount in excess of what named Plaintiffs lawfully owed in violation of 15 U.S.C. § 1692f(1); and
>
> e.    It generally utilized false and deceptive means to collect or to attempt to collect a debt in violation of 15 U.S.C. § 1692e(10).

14. As a direct and proximate result of Defendants' conduct named Plaintiffs and the Class they seek to represent suffered damage in an amount to be demonstrated at trial.

## SECOND CLAIM FOR RELIEF (OCSPA)

15.  Defendants' conduct in filing collection suits in the manner set forth above constituted

4

an unfair, deceptive and/or unconscionable consumer sales practice in violation of Ohio Rev. Code §§ 1345.02 and .03.

16. As a direct and proximate result of Defendants' conduct named Plaintiffs and the Class they seek to represent suffered damages in an amount to be demonstrated at trial.

## CLASS ACTION ALLEGATIONS

17. Named Plaintiffs seek to represent a class consisting of all consumers with respect to whom any Defendant, on or after a date which is one year before the filing of this action, filed a document in an Ohio court on behalf of a creditor which document referred to the creditor's right to collect attorney fees.

18. Named Plaintiffs rely upon Rules 23(a), 23(b)(1), 23 (b)(2), and 23(b)(3), Fed. R. Civ. P., and seek damages, injunction, and any other appropriate relief, as well as their costs and expenses of investigation and litigation and reasonable attorney fees.

19. Upon information and belief to be verified through discovery, named Plaintiffs state that the class described above is so numerous that joinder of individual members is impracticable. Plaintiff believes it is reasonable to infer that numerosity will not be at issue in this case.

20. This action presents common questions of law and fact that relate to and affect the rights of each member of the class, and the relief sought is common to the entire class.

21. The claims of named Plaintiffs are typical of the claims of the class in that all claims depend on a showing of the same act, namely, the assertion of attorney fees in a consumer collection action when those fees are barred by Ohio law.

22. There is no known conflict between any named Plaintiff and other members of the class with respect to this action, or with respect to the claims for relief herein set forth.

23. Named Plaintiffs will fairly and adequately protect the interests of the class, since they have no individual claims which are different from those of the class and since they know of no other conflict which exists between their interests and those of class members.

24. The attorney for named Plaintiffs is experienced and capable in the field of federal litigation. Said attorney has successfully represented clients in various class action lawsuits in the past.

25. This action is properly maintained as a class action in that the prosecution of separate actions by individual class members would create a risk of individual adjudications which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

26. This action is properly maintained as a class action in that the prosecution of separate actions by individual members of the class would create risk of inconsistent individual adjudications which would establish incompatible standards of conduct for Defendants.

27. This action is properly maintained as a class action inasmuch as Defendants have acted or refused to act on grounds applicable to the entire class, and have, by reason of such conduct, made appropriate final injunctive relief or corresponding other relief appropriate with respect to the entire class, as sought in this action.

28. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the class members predominate over questions affecting only individual members. For example, the legal issue of whether the inclusion of an attorney fee reference in collection pleadings violates the FDCPA is common to named Plaintiffs

and to all potential class members; and the factual issue of whether Defendants made such representations is common to named Plaintiffs and to all potential class members and may be answered by reference to documents.

29. Proceeding in this matter as a class action is the superior method available for fairly and efficiently adjudicating the controversy

30.  The relief sought will be effective and appropriate for the entire class,  and all members of the class have a right to similar damages or other relief.

31.  The identity of each individual member of the class can be ascertained from the documents and records maintained by Defendants and from public court records throughout the State of Ohio.

32.  Because many of the persons with whom Defendants have dealt, or who were affected by its activities, may not be aware of their rights, or may not be in a financial position to assert such rights readily, and because relegation of their claims to individual actions would result in a unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

33.  Unless Defendants are enjoined and restrained from continuing the foregoing illegal practices, named Plaintiffs and the class of persons they seek to represent will suffer substantial and irreparable injury for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

Wherefore, named Plaintiffs, on behalf of themselves and the class members they seek to represent demand the following:

(a) A determination that all claims are appropriate for class certification;

(b) Statutory damages pursuant to 15 U.S.C. § 1692k(a);

(c) Reasonable attorney fees for all services performed by counsel in the prosecution of this claim;

(d) Reimbursement for all costs and expenses incurred in connection with the prosecution of this claim;

(e) Final and permanent injunctive relief preventing Defendants from engaging in further unlawful conduct;

(f) A declaration that Defendants' conduct was either deceptive, unfair or unconscionable;

(g) A trial by jury on all appropriate issues; and

(h) Any further relief at law or in equity which this Court may deem appropriate.


Respectfully submitted,

/s/  Theodore E. Meckler
THEODORE E. MECKLER (0006201)
20525 Center Ridge Road, Suite 700
Cleveland, Ohio  44116
Telephone:  (440) 333-6363
Facsimile:  (440) 333-1491
tmeckler@cwa-union.org

**ATTORNEY FOR PLAINTIFFS**


**JURY DEMAND**

Plaintiffs demand a trial by jury in accordance with law.

/s/  Theodore E. Meckler
THEODORE E. MECKLER (0006201)

**ATTORNEY FOR PLAINTIFFS**