# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **GARY O. KESTER, *et al.*** | ) | **CASE NO. 1:12-cv-00907** |
| | ) | |
| **PLAINTIFFS** | ) | **JUDGE JAMES GWIN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **ZWICKER & ASSOCIATES, PC , *et al.*** | ) | |
| | ) | **PLAINTIFFS' MOTION FOR** |
| **DEFENDANTS** | ) | **ATTORNEY'S FEES** |
| | ) | **AND COSTS** |

Now come Plaintiffs, Gary O. Kester and Michael Simmons, by and through undersigned counsel, and move this Honorable Court for an order granting them the reasonable attorney fees and costs which they seek. The reasons for this motion and the factual predicate for same are set forth in the attached Exhibits and the Brief in Support, incorporated by reference herein. This motion is being filed pursuant to the Fair Debt Collection Practices Act ["FDCPA",15 U.S.C.A. § 1692k(a)(3)].

Respectfully submitted,

/s/  Theodore E. Meckler
THEODORE E. MECKLER (0006201)
20525 Center Ridge Road, Suite 700
Cleveland, Ohio  44116
Telephone:  (440) 333-6363
Facsimile:  (440) 333-1491
email: tmeckler@cwa-union.org

/s/ Bruce R. Rose
BRUCE R. ROSE (0000360)
1991 Lee Road
Cleveland Heights, Ohio 44118
Telephone: (216) 397-9999
Facsimile:  (216) 397-9857
email: brrose@gmail.com

**ATTORNEYS FOR PLAINTIFFS**

**<u>BRIEF IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS</u>**

## I. INTRODUCTION

Plaintiffs, Gary Kester and Michael Simmons, filed suit against Defendants, Zwicker & Associates, PC,  Anne Smith, and Derek Plaintiffs Scranton, under the FDCPA on April 16, 2012.  also plead a state law claim premised on the Ohio Consumer Sales Practices Act. (Ohio Revised Code § 1345.01 *et seq*.) Both Plaintiffs are represented by attorneys Theodore E. Meckler ("Meckler") and Bruce R. Rose ("Rose").  Both attorneys practice law in the Cleveland area. All three Defendants are represented by Boyd W. Gentry ("Gentry") of West Alexandria, Ohio. Defendants are also represented by Manuel H. Newburger ("Newburger"), of Austin, Texas, although he has not entered an appearance in this case.

On July 9, 2012 the parties entered into a written Settlement Agreement. The terms of that Settlement Agreement included a confidentiality clause. In deciding this motion it would be useful for the court to be able to fully understand the terms of the Settlement Agreement, particularly because it would give the court insight into the success Plaintiffs obtained by way of this settlement. Given the confidentiality clause Plaintiffs are not currently in a position to discuss the terms of the settlement agreement publicly. As a consequence, contemporaneous with the filing of this motion, Plaintiffs intend to file a motion seeking an order authorizing them to submit and discuss the Settlement Agreement and related documents to be part of the record in this case, but to do so under seal. Therefore, the specific terms of the Settlement Agreement will not be disclosed in this Brief. However, Plaintiffs reserve the right to file a supplemental brief discussing the Settlement Agreement under seal, in the event the court grants Plaintiffs' Motion for Leave to File the Settlement Agreement Under Seal.

## II. STATEMENT OF THE FACTS AND OF THE CASE

On  April 30, 2012, Newburger sent Meckler a formal written proposal to settle this case. Included in the letter offering this settlement were several arguments as to why Newburger believed that Plaintiffs' case lacked merit. Newburger also cited several cases that he would be relying on to support his arguments. (Exhibit 1) Defendants' initial proposal was rejected by Plaintiffs. However, further communications continued between counsel via telephone and email.

On June 20, 2012 Defendants formally proposed another settlement. On June 25, 2012 Plaintiffs accepted that proposal. By July 9, 2012 the parties had all signed off on a formal settlement agreement. The attorney fees issue was not fully resolved by the Settlement Agreement. However, Defense counsel asked Plaintiffs' counsel to supply their time and expense records before any attorneys fees motion was filed. On July 27, 2012 Plaintiffs' counsel complied with that request. Unfortunately defense counsel never made a proposal to try to settle the attorney fees issue. Plaintiffs' counsel offered  several friendly reminders to defense counsel to get in touch with them on this issue. But those reminders proved to be of no avail.

On August 16, 2012 the Court issued an order to show cause because no answer had ever been filed by Defendants. (Doc #16) Meckler called the Court on that day to advise it about the status of the case. Meckler also contacted defense counsel to advise them of his contact with the Court. The Court's assistant asked Meckler to get back in touch with her on August 20, 2012. On August 20th Meckler again spoke with the Court's assistant. Later that same day the Court issued a dismissal entry in which it retained jurisdiction to resolve any disputes regarding settlement. (Doc #17) Since defense counsel failed to get back with Plaintiffs' counsel relative to the attorney fee issue, a dispute exists regarding the unresolved issues of attorney fees and costs.

Plaintiffs are now filing this Motion  and Brief so that the Court may resolve the issue of fees and costs.

Plaintiffs' attorneys are both  graduates of the Cleveland Marshall College of Law of Cleveland State University. Both have practiced law, primarily in the Cleveland area, since graduating from Law School and passing the Ohio bar in 1975. More specific information about both attorneys is spelled out in their affidavits, which are attached hereto and incorporated by reference herein. (Exhibits 2 and 3.) Plaintiffs seek an award compensating each of their attorneys for the time they have spent in this matter at an hourly rate of $375.00.  Meckler's and Rose's time and expense records are also attached hereto and incorporated by reference. (Exhibits 4 and 5) Plaintiffs seek fees to date in the amount of twenty two thousand, three hundred eighty-seven dollars, and fifty cents ($22,387.50), and costs of three hundred and  fifty dollars ($350.00) relative to Meckler's legal work. They also seek fees to date in the amount of five thousand, nine hundred sixty-two dollars, and fifty cents ($5,962.50) and costs of  eleven dollars and seventy-five cents ($11.75) relative to Rose's legal work.

### III. LAW AND ARGUMENT

### A. AN AWARD OF REASONABLE ATTORNEY FEES FOR SUCCESSFUL PLAINTIFFS  IS MANDATED BY THE FDCPA.

The FDCPA provides in pertinent part that "in the case of any successful action to enforce ... liability [under this statute], the costs of the action, together with a reasonable attorney's fee as determined by the court[,]" shall be awarded to the prevailing party. 15 U.S.C. § 1692k(a)(3). Allowance of a reasonable fee is mandatory under FDCPA. *Lee v. Thomas & Thomas*, 109 F.3d 302, 307 n.8 (6th Cir. 1997) This statutory mandate reflects the intent of Congress that consumers act as "'private attorneys general' to enforce the FDCPA." *Mann v.*

*Acclaim Fin. Servs.*, 348 F. Supp. 2d 923, 927 (S.D. Oh. 2004) The Court's chief concern in awarding fees should be that the amount it awards "is adequately compensatory to attract competent counsel yet avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000).

## B. ESTABLISHING THE LODESTAR AMOUNT.

To determine reasonable attorney's fees under the FDCPA  the Court must follow the lodestar  method articulated by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Lee*, *supra*, at 306, n.7. The lodestar is the number of hours reasonably expended on the case, multiplied by the attorney's reasonable hourly rate. *Adcock-Ladd*, *supra* at 349.   The lodestar is strongly presumed to yield a reasonable fee. *City of Burlington v. Dague,* 505 U.S. 557, 562 (1992). As the *Hensley* Supreme  Court stated:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  This calculation provides an objective basis in which to make an initial estimate of the value of lawyer's services. *Hensley.,* 433

Plaintiffs bear the initial burden of proving the number of hours expended and the rates claimed. *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999); citing *Hensley.* The lodestar may only be modified in the rare and exceptional case that includes specific record evidence supporting the need for such modification. *Pennsylvania  v. Delaware Valley Citizens' Counsel for Clean Air,* 478 U.S. 546, 565 (1986).  If Defendants seek to reduce the claimed lodestar, they bear the burden of proving that the reduction they are seeking is justified. *U.S. Football League v. National Football League,* 887 F.2d 408, 413 (2d Cir.1989).

### C. $375.00 IS A REASONABLE HOURLY RATE FOR PLAINTIFFS' COUNSEL.

A reasonable hourly rate is the rate at which lawyers of comparable skill are compensated. *Adcock-Ladd*, 277 F.3d at 350. The appropriate rate is the market rate in the venue in question, that would be sufficient to encourage competent representation. *B&G Mining v. Director, Office of Workers Comp. Programs*, 522 F.3d 657, 663 (6th Cir. 2008). It is the market place which sets the most appropriate value for an attorney's services. *Blum v. Stenson*, 465 U.S. 886 (1984); *Black Police Officers Organization, Inc. v. City of Louisville*, 700 F.2d 268, 277 (6th Cir., 1983); *Northcross v. Board of Education, Memphis City Schools*, 700 F.2d 268, 277 (6th Cir., 1979).

When setting an hourly rate the court may look to surveys of hourly rates for attorneys of comparable levels of experience. *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 619 (6th Cir. 2007). One such survey is the *Laffey* Matrix.[1] (A copy of the *Laffey* Matrix is attached hereto as Exhibit 6.) Under the *Laffey* Matrix in 2010-2011 attorneys with over twenty (20) years of experience were compensated at an hourly rate of $475.00. Plaintiffs' counsel each have over thirty-five (35) years of experience practicing law. Plaintiffs request an hourly rate of $375, well within the the *Laffey* Matrix range, even for attorneys with considerably less experience than Plaintiffs' counsel.

In *Dobina v. Carruthers*, 2010 WL 1796345 (N.D. Oh. 2010) the Court noted that while the *Laffey* Matrix is based upon the Washington, D.C., area, the $300 per hour sought in that case fell well within the *Laffey* Matrix range. The Court also noted that within the Sixth Circuit, courts have relied upon the matrix in determining the reasonableness of rates in FDCPA cases. In *Livingston v. Cavalry Portfolio Servs., LLC,* 2009 WL 4724268 (N.D. Oh. 2009), the court found an hourly rate of $394 to be reasonable in a FDCPA case.

The Court may also rely on its familiarity with billing rates, based its upon prior personal experience as a practicing attorney, its familiarity with the case law, and its examination of

---

[1] The *Laffey* Matrix, is an official statement of market-supported reasonable attorney fee rates which was adopted, and is periodically updated. *Dobina v. Carruthers*, *supra*; *citing Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 347 (6th Cir. 2000), and *Laffey v. Northwest Airlines, Inc.*, 746 F.2d 4 (D.C. Cir. 1984), *overruled in part by Save Our Cumberland Mountains, Inc. v. Hodel,* 857 F.2d 1516 (D.C. Cir.1988) (*en banc*).

numerous fee applications in other matters that have come before it. These are all excellent barometers of the value set by the market place for attorney's fees in statutory fees cases like this one. *Akron Center for Reproductive Health v. City of Akron*, 604 F.Supp 1275, 1288 (ND Oh, 1985).

## D. THE TIME CLAIMED BY PLAINTIFFS' ATTORNEYS IS REASONABLE UNDER THE CIRCUMSTANCES OF THIS CASE.

A review of the affidavits and time records of Plaintiffs' attorneys (Exhibits 2-5) reveal that the time spent by counsel was reasonable under the circumstances. Much of the time spent was necessitated by the expansive legal theories and citations of authority offered to Plaintiffs' counsel by defense counsel. The amount of time expended is also commensurate with Meckler's experience as to the time that he had to spend in other cases at similar stages of litigation. There is no basis to reduce the time sought from that submitted by Plaintiffs' attorneys.

Multiplying the total number of hours claimed by the reasonable hourly rates sought produces a reasonably objective "initial estimate of the value of the lawyer's services". *Hensley, supra, at 433; United Slate, Tile & Composition Workers, Local 307 v. G&M Roofing*, 732 F.2d 495 (6th Cir. 1984).

## E. PLAINTIFFS' TWO ATTORNEYS MINIMIZED ANY DUPLICATION IN THEIR LEGAL WORK.

In FDCPA cases, "multiple attorneys are allowed to recover fees … if they show the work reflects the distinct contributions of each lawyer."*Kapoor v. Rosenthal*, 269 F. Supp. 2d 408, 414 (S.D. N.Y. 2003) That is clearly the situation in this case. While both attorneys are experienced practitioners, who passed the bar at the same time, their respective practices have emphasized different skill sets. Meckler has had much more experience in federal litigation. Consequently, in this case he handled most of the legal work related to the intricacies of federal litigation. Rose, on the other hand, whose bodily injury practice has emphasized personal contact with clients,

7

devoted much of his time to that sort of legal work. While some overlap is inevitable, primarily related to necessary communications between co-counsel, it has been kept to a minimum.

### F. PLAINTIFFS OBTAINED A SIGINIFICANT DEGREE OF SUCCESS.

Once the Court has arrived at the initial estimate of the lawyers' services, there remains other considerations which may result in an adjustment of the fee either upward or downward. One method for calculating fees that has  often been favored by the courts is the twelve factor method, first articulated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974); *see Adcock-Ladd*, 277 F.3d at 349.[2]  An analysis of these factors may lead the court to adjust the fee either upward or downward.  *Hadix v. Johnson*, 65 F.3d 532, 534 (6th Cir. 1995). The most important of these twelve factors is the degree of success obtained.  *Hensley, supra*, at 434.

If successful under the FDCPA Plaintiffs may be awarded statutory damages in the amount of $1,000, any actual damages they have suffered, and reasonable attorney fees and costs. Plaintiffs did not suffer, and hence did not plead, any actual damages. Plaintiffs were able to reach a settlement with Defendants which actually garnered more relief than is called for by the statute. Since the settlement agreement included a confidentiality clause, Plaintiffs cannot discuss those details unless they are authorized to do so under seal by the court pursuant to the motion they are filing seeking such relief. Suffice it to say that the settlement afforded relief to each Plaintiff  that went significantly beyond the remedies provided for by the FDCPA.

---

[2]The twelve *Johnson* factors are as follows: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to his or her acceptance of the case; 5) the customary fee in the community for similar work; 6) the fixed or contingent nature of the fee; 7) the time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the undesirability of the cost; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.

Thus, both Plaintiffs have obtained all the success which was possible in his lawsuit and then some.  As the *Hensley* Supreme Court noted:

> Where plaintiff obtains excellent results, his attorney should recover a fully compensatory fee.  Normally this will encompass all hours reasonably expended in the litigation, and indeed in some cases of exceptional success, an enhanced award may be justified. In these circumstances, the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit.  *Hensley, supra* 461 U.S. at 435; *Fite v. First Tennessee Production Credit Assn.*, 861 F.2d 884, 894 (6th Cir. 1988)

Both Plaintiffs have achieved success which is actually greater than that which is authorized by the FDCPA. Plaintiffs have vindicated an important and statutorily protected national policy.  As such, their attorneys should recover at least a fully compensatory fee.

## G.     PLAINTIFFS SHOULD BE AWARDED THEIR EXPENSES.

Generally, in addition to attorney's fees, a prevailing plaintiff is entitled to reimbursement for expenses incurred in pursuing the lawsuit. Both the FDCPA and Rule 54(d) of the Federal Rules of Civil Procedure authorize the recovery of costs.  *Mann*, *supra* at 931.  Only those items enumerated in 28 USC §1920 may generally be taxed as costs under Rule 54(d) and the FDCPA. *Crawford Fitting Crawford Fitting v. J.T. Gibbons, Inc*., 482 U.S. 437, 441-42 (1987), *Mann*, *supra* at 931. 28 U.S.C. § 1920 permits recovery, *inter alia,* of "fees of the court", "fees for exemplification and copies of papers necessarily obtained for use in the case", and "docket fees". The very limited amount of costs being sought in this case fall well within the types of costs specifically authorized by § 1920.

Rule 54(d) provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  This provision "creates a

presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White v. Am Hosp. Supply Corp*., 786 F.2d 728, 730 (6th Cir. 1986). The district court "has broad discretion in allowing or disallowing the particular items listed in §1920 as costs." *BDT Prods. v. Lexmark Int'l*, 405 F.3d 415, 419 (6th Cir. 2005). The cost of photocopying documents obtained for use in a case are taxable under § 1920(4). *Wilhelm v. CSX Transp.*, 2005 WL 361482, at *1 (N.D. Oh. 2005)

In this case, Plaintiffs have incurred a modest amount of expenses totaling only $361.75. (See Exhibits 4 and 5.)  These expenses are the type for which counsel would ordinarily bill their clients.  *Hensley*, *supra*.  All are compensable under the above referenced authority, and as such, should be awarded to Plaintiffs.

## CONCLUSION

For the foregoing reasons and those contained in the attached Exhibits, Plaintiffs respectfully urge this Honorable Court to issue an order granting them reasonable attorney fees and costs in the following amounts:

With respect to the legal services provided to Plaintiffs by Theodore E. Meckler; reasonable attorney fees to date, in the amount of twenty two thousand, three hundred eighty-seven dollars, and fifty cents ($22, 387.50), and costs to date in the amount of three hundred and fifty dollars ($350.00).

With respect to the legal services provided to Plaintiffs by  Bruce R. Rose; reasonable attorney fees, to date in the amount of five thousand, nine hundred sixty-two dollars, and fifty cents ($5,962.50) and costs to date in the amount of eleven dollars and seventy-five cents ($11.75).

Respectfully submitted,

/s/  Theodore E. Meckler
THEODORE E. MECKLER (0006201)
20525 Center Ridge Road, Suite 700
Cleveland, Ohio  44116

Telephone:  (440) 333-6363
Facsimile:  (440) 333-1491
email: tmeckler@cwa-union.org

/s/ Bruce R. Rose
BRUCE R. ROSE (0000360)
1991 Lee Road
Cleveland Heights, Ohio 44118
Telephone: (216) 397-9999
Facsimile:  (216) 397-9857
email: brrose@gmail.com

**ATTORNEYS FOR PLAINTIFFS**


**CERTIFICATE OF SERVICE**

I certify that the foregoing was served on all counsel of record on this  2nd day of

September, 2012, via the Court's ECF system. In addition, a courtesy copy was sent on that same

day to Defendants' attorney, who has not entered an appearance in this case, i.e. Manuel H.

Newburger of Barron & Newburger, PC, via email at mnewburger@bn-lawyers.com.


/s/ Theodore E. Meckler
Theodore E. Meckler (0006201)

**ONE OF THE ATTORNEYS FOR PLAINTIFFS**

11